FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV 2 1 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

RAMON A. ZANOLETTI,
Petitioner,
v.
RICK HILL, Warden of FSP,
Respondent.

Case No. CV 11-09071 DOC (AN)

MEMORANDUM AND ORDER DISMISSING HABEAS PETITION

## I. INTRODUCTION

On November 1, 2011, petitioner Ramon A. Zanoletti ("Petitioner"), a state prisoner proceeding *pro se,* filed his pending petition for a writ of habeas corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons discussed below, the Petition is dismissed without prejudice because Petitioner has a state habeas petition currently pending before the California Supreme Court.

///
///
///
///
///

## II. DISCUSSION

### A. Standard of Review

#### 1. Habeas Rules

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." *See* Rules Governing Section 2254 Cases in the United States District Courts, [28 foll. U.S.C. § 2254 ("Habeas Rules")]; *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2562, 2569 (2005). In *Felix*, the Supreme Court held Rule 4 of the Habeas Rules requires a district court to dismiss a petition without ordering a responsive pleading where the face of the petition shows the petitioner is not entitled to relief in district court. *Felix*, 545 U.S. at 656. Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare proposed order for summary dismissal and proposed judgment for the district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

#### 2. § 2254

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or laws or treaties of the United States. § 2254(a). Federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings."

#### 3. The Federal Exhaustion Doctrine

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the state courts the "opportunity to pass upon and correct alleged violations" of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.

Ct. 887 (1995) (per curiam) (*quoting Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509 (1971) (citation omitted)). In the routine case, this means the prisoner must fairly present a claim alleging a violation of federal rights to the state courts by "describ[ing] in the state proceedings both the operative facts and the federal legal theory on which his claim is based . . . ." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

However, because the federal exhaustion doctrine "stem[s] from the basic principle of federalism that federal courts should accord due respect to the role of state courts in enforcing the prohibition against unconstitutional confinement embodied in the writ of habeas corpus," and because state courts more generally "should have the first opportunity to examine the lawfulness of a state prisoner's confinement" (*Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982)), the exhaustion doctrine also extends to situations where the prisoner has any post-conviction challenge to his conviction still pending in the state courts, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964) (state remedies not exhausted where a state post-conviction proceeding is pending). This is because "[i]f the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood*, 716 F.2d at 633 (internal quotation marks and citation omitted). Put another way, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved" in the pending state action, that action still "may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." *Id.* at 634.

**B. Analysis**

The face of the Petition establishes it is directed at Petitioner's current state custody arising from his May 2007 conviction in the California Superior Court for Los Angeles County (case no. BA303537) of multiple counts of insurance fraud, and sentence enhancements, for which he was sentenced to 22 years in state prison. (Pet. at 2.) On April 28, 2009, the California Court of Appeal affirmed the judgment of conviction (case no.

B199682). The California Supreme Court then denied review of the court of appeal's decision on August 12, 2009 (case no. S172942). (Pet. at 2-3; state court records.[1]) Additionally, and pertinent to the current Order, the face of the Petition and state court records establish that Petitioner filed a habeas petition raising the same claims, and challenging the same May 2007 conviction and current custody, in the California Supreme Court on September 2, 2011, and that matter is still pending (case no. S196164). (Pet. at 4-5; state court records.)

Based upon the foregoing, the Court finds the Petition must be dismissed as an unexhausted petition because Petitioner still has a post-conviction matter pending before the state high court. *Sherwood*, 716 F.2d at 633-4; *Schnepp*, 333 F.2d at 288; *see also Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991) ("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies . . . .").

**III. CONCLUSION**

For the reasons discussed above, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice.

DATED: November 18, 2011

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).